IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SHERMAN GIBSON, Inmate #N28018,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 06-254-JPG** |
| ) | |
| **ROGER E. WALKER, JR.,** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Petitioner, an inmate in the Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254, asking the Court to order him released from state custody. Petitioner states that an Illinois appellate court reversed and remanded his conviction to the state circuit court in May 2005. *See People v. Gibson*, 828 N.E.2d 881 (Ill. App. 2005). Since that time, Petitioner asserts that the state court has caused "inordinate delay" in the DNA testing of the physical evidence in the case as ordered by the Illinois appellate court. Petitioner takes particular issue with the Illinois circuit court's order to test the evidence for the DNA of the victim's husband.

> Federal law requires that state prisoners give state courts a fair opportunity to act on their claims before bringing habeas claims in federal court. *See* 28 U.S.C. § 2254(c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1998); *Kurzawa v. Jordan*, 146 F.3d 435, 440 (7th Cir. 1998). The requirement that state courts have the first opportunity to cure a claim of continued confinement in an unconstitutional fashion stems from the understanding that state courts are equally obliged to follow federal law and from the desire for comity between state and federal court systems. *See O'Sullivan*, 526 U.S. at 844-45, 119 S.Ct. 1728; *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). A "fair presentment" of a petitioner's claims requires that a petitioner give state courts "a meaningful opportunity to pass upon the substance of the claims [petitioner] later presses in federal court." *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999).

*Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000). "A petitioner presents [his] claims fully

simply by pursuing all available avenues of relief provided by the state before turning to the federal courts." *Howard*, 185 F.3d at 725; *Kurzawa v. Jordan*, 146 F.3d 435, 440 (7th Cir. 1998). Further, "[i]f a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999); *see also O'Sullivan*, 526 U.S. at 848.

Petitioner indicates that he is awaiting DNA testing of evidence used in obtaining his conviction as ordered by an Illinois appellate court. Because Petitioner's case is still pending in state court, a federal court must refrain from deciding the issues in the case until Petitioner has exhausted all the remedies available to him in the Illinois courts. Petitioner must exhaust his state court remedies **before bringing his claims to federal court**. *See also Bruken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986) (*citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 429 (1982)) (under the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971), a federal court should not interfere with pending state judicial proceedings).

Accordingly, this action is **DISMISSED** without prejudice to Plaintiff filing his claims in a federal habeas corpus action, if necessary, **but only after he has completely exhausted his state court remedies**.

**IT IS SO ORDERED.**

**Dated: April 19, 2006**

                                          **s/ J. Phil Gilbert**
                                          **U. S. District Judge**